**TEKER TORRES & TEKER, P.C.**
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

Attorneys for Plaintiffs
*Ricardo M. Ricabar,
individually and on behalf
of all others similarly Situated*

FILED
DISTRICT COURT OF GUAM
NOV 16 2011
JEANNE G. QUINATA
CLERK OF COURT

UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

---

| | |
|---|---|
| RICARDO M. RICABAR, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LEO PALACE GUAM CORPORATION and DOES 1 through 10,<br><br>Defendants. | CIVIL CASE NO. CV11-00033<br><br>**COMPLAINT—TITLE VII**<br>National Origin, Discrimination, Retaliation and Wrongful Termination<br><br>**JURY TRIAL DEMAND** |

---

Plaintiff RICARDO M. RICABAR ("RICABAR"), by his attorneys of record, the Law Offices of Teker, Torres & Teker, P.C., allege and complain as follows:

I.

**NATURE OF THE ACTION AND JURISDICTION**

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act

of 1991 to correct unlawful employment practices on the basis of national origin and retaliation, and to provide appropriate relief to Plaintiff RICARDO M. RICABAR and other similarly situated individuals, who were adversely affected by such practices. As set forth more fully in this Complaint, Plaintiff alleges that he and other similarly situated individuals were subjected to unlawful employment practices on the basis of his national origin and that he was retaliated against for complaining of discrimination by Defendant LEO PALACE GUAM CORPORATION ("Defendant LEO PALACE"). Plaintiffs further complain that Defendants' actions were barred by Guam law as unlawful discriminatory practices and unlawful employment practices. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331 and 1343. This action is authorized and instituted pursuant to Section 42 U.S.C. §§ 2000, et seq. ("Title VII"), Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a and violations of territorial law codified in the Guam Code Annotated.

## II.

## PARTIES

A. Plaintiff, RICABAR, is an individual and has resided in Guam at all times pertinent hereto. From approximately November 2005 to about May 11, 2009, RICABAR was employed by Defendant LEO PALACE.

B. Defendant LEO PALACE is a Guam Corporation, and at all relevant times Defendant has continuously been doing business in Yona, Guam.

C. At all relevant times, Defendant LEO PALACE has continuously been an employer engaged in an industry affecting commerce within the meaning of §§701(b), (g) and (h) of Title VII, 42 U.S.C., §§2000e-1 (b), (g) and (h) and §§11(b), (g) and (h).

D. At all relevant times, Defendant LEO PALACE has employed more than fifteen (15)

people for each working day in each of twenty or more calendar weeks; thus, Defendant meets the definition of "employer" under Title VII, 42 U.S.C. §2000e(b) and Guam law.

E.  Plaintiff is ignorant of true names and capacities of Defendants, in addition to Defendant LEO PALACE and herewith sues DOES 1 through 10, inclusively, and therefore Plaintiff sues said Defendants by fictitious name. Plaintiff reserves the right to amend his Complaint to name the DOES individually or collectively as they become known. Plaintiff alleges that each of the Defendants named as DOES are in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the Complaint to allege such responsibility when the same has been ascertained by Plaintiff.

F.  It is further alleged on information and belief that the named and unnamed Defendants in the Complaint are mere alter egos of the Defendant.

G.  All of the acts and failure to act alleged herein were duly performed by or under the direction and control of others, except as specifically alleged otherwise. Said acts and failure to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by employees complained of herein. Whenever and wherever there is reference to any act in this Complaint by Defendant or any employee, such allegations and references shall also be deemed to mean the acts and failures to act of Defendant.

### III.

### PROCEDURAL REQUIREMENTS

A.  In or about July 2, 2009, RICABAR filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), thereby satisfying the requirements of 42 U.S.C.A. §2000e-5(b), (e). Such charge was filed within one hundred and eighty (180) days of the unlawful employment practice. All conditions precedent to the institution of this lawsuit have been fulfilled.

B. Plaintiff RICABAR was subjected to a continuing series of incidents of unlawful employment practices described in Parts V through VII below, which began in or about 2007.

C. On or about August 18, 2011, the EEOC office in Honolulu, Hawaii, after investigation, issued a Letter of Determination with respect to the charges against Defendant LEO PALACE. The EEOC determined that there was reasonable cause to believe that RICABAR and other employees similarly situated, subjected to different terms and conditions of employment evidencing discrimination based on national origin and that RICABAR was suspended and constructively discharged in retaliation for engaging in protected activity.

## IV.

## VENUE AND JURISDICTION

A. This court has jurisdiction of the claim hereby pursuant to 42 U.S.C.A. § 2000e-5(f)(3) and 28 U.S.C.A. §§ 1331. This civil action arises under the laws of the United States and Guam. Plaintiffs are alleging violations of their rights under Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C.A. §§ 2000 et seq. Pursuant to 28 U.S.C. § 1367(a), Plaintiff RICABAR requests this Court to exercise supplemental jurisdiction to hear and decide claims against Defendant arising under the laws of the territory of Guam.

B. Venue herein is proper under 28 U.S.C.A. § 1391(b) and 42 U.S.C.A. § 2000e-5(f)(3). Defendant LEO PALACE was doing business in the territory of Guam at relevant times hereto, and the unlawful employment practices and unlawful discrimination of which Plaintiff is complaining of were committed in the territory of Guam.

///

///

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4

## V.

## FIRST CLAIM FOR RELIEF FOR NATIONAL ORIGIN

A. Plaintiff incorporates by reference the allegations contained in parts I through IV above.

B. Plaintiffs are Filipino employees of Defendant LEO PALACE and as such are members of an ethnic group protected under Title VII and the Guam Code Annotated ("GCA"), Title 22, §5201 et seq. from discrimination on the basis of national origin.

C. Plaintiffs were qualified for the jobs they held at the LEO PALACE.

D. Plaintiffs were satisfying their respective job requirements.

E. In 2007 Plaintiff RICABAR made a complaint of wage violations and unlawful discrimination to the Guam Department of Labor. The Complaint was made within RICABAR's federally protected rights.

F. In 2008, RICABAR met with LEO PALACE'S management, including the Spa Director, Human Resources Manager, Human Resources Director and Spa Manager to complain about the unfair discriminatory treatment of Filipino Massage Therapists in the distribution of massage assignments.

G. The Spa Supervisor, Maria Spear, of Indonesian decent engaged in a discriminatory practice of assigning a disproportionate number of massage assignments to the Indonesian Massage Therapists. That unlawful employment practice had a negative impact on the Filipino massage therapists and their income.

H. All Massage Therapists receive commissions for each massage, so the more massages individually given the more commissions earned.

I. Plaintiff RICABAR's terms of employment were altered after RICABAR complained about LEO PALACE's unlawful and discriminatory employment practices.

J.  As a proximate result of Defendants conduct, Plaintiffs sustained and substantial losses in earnings and suffered humiliation, emotional distress, and mental and physical pain and anguish, all to their damage in the sum according to proof at trial.

K.  Defendant's conduct as described above was willful, despicable, knowing, and intentional; accordingly, Plaintiffs are entitled to an award of punitive and exemplary damages in an amount according to proof.

## VI.

## SECOND CLAIM FOR RELIEF FOR RETALIATION

A.  Plaintiff incorporates by reference the allegations contained in part I through V above.

B.  At all time relevant herein, Plaintiff RICABAR engaged in a protected activity under Title VII of the Civil Rights Act of 1964 by complaining to LEO PALACE's Human Resource Office and management personnel about the persistent pattern of intentional and unlawful discrimination against Filipino Massage Therapists.

C.  In Early 2009, the Filipino Massage Therapists made known to the Spa Manager that Defendant was engaging in unlawful discriminatory employment practices because they were being treated differently in job assignments that the Indonesian Massage Therapists. No investigation into the allegations took place and the practice continued.

D.  On or about May 1, 2009, Plaintiff RICABAR met with Human Resources Manager, Mae Paulino, to complain that the Spa Manager continued to engage in the unlawful discriminatory practice of work assignments favoring Indonesian Massage Therapists.

E.  On May 5, 2009, RICABAR'S employment schedule was changed by Defendant LEO PALACE after RICABAR complained to Defendant about the harassment and discrimination against

RICABAR and other Filipino Massage Therapists in the allocation of massages. Defendant retaliated against RICABAR for making these complaints by altering his schedule accusing him of being lazy and proposing that he work on his days off if he wanted to earn more money.

F. On May 6, 2009, Spa Manager Mrs. Hiroko Sato met with RICABAR to discuss employment issues and RICABAR confirmed that assignments of massage treatments were unfair and discriminatory in favor of Indonesian Massage Therapists. Sato refused to make any changes or investigate RICABAR's complaint.

G. On May 7, 2009, RICABAR was instructed to meet with Human Resources Director Sekine Kazutaka who berated RICABAR for complaining about his work reassignments and the unlawful treatment of Filipino workers. Kazutaka refused to investigate RICABAR's claims and, instead, suspended him and had him removed from the premises.

H. On May 11, 2011, RICABAR returned to work and met with the Human Resources Manager and Human Resources Director. At that point RICABAR was informed that he was being terminated. RICABAR asked why and requested that Human Resource Director Kazutaka reconsider. Defendant refused and told RICABAR that he was being terminated because of his discrimination Complaint. However, Defendant suggested that RICABAR resign or be terminated and RICABAR chose, under coercion, to resign in lieu of a termination.

I. As a proximate result of Defendants' conduct, Plaintiff RICABAR have sustained and continue to sustain substantial losses in earnings and continue to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to their damage in the sum according to proof at trial.

J. Defendants conduct as described above was willful, despicable, knowing, intentional; and in reckless disregard for RICABAR's federally protected rights; accordingly, Plaintiff RICABAR is entitled

to an award of punitive and exemplary damages in an amount according to proof.

## VII.

## THIRD CLAIM FOR RELIEF FOR

## CONSTRUCTIVE WRONGFUL TERMINATION

A. Plaintiff incorporates by reference the allegations contained in paragraphs I through VI above.

B. At all time relevant herein, Plaintiff engaged in a protected activity under Title VII of the Civil Rights Act of 1964 by complaining to LEO PALACE's management about the persistent pattern of unlawful discrimination against Filipino Massage Therapists employees.

C. Defendant's treatment of RICABAR was in violation of 22 GCA § 5201, et seq.

D. As a proximate result of Defendant's conduct, Plaintiff RICABAR lost his employment and has sustained and continues to sustain substantial losses in earnings and suffer humiliation, emotional distress, and mental and physical pain and anguish, all to this damage in a sum according to proof at trial.

E. Defendant's conduct as described above was willful, despicable, knowing, and intentional; and in reckless disregard for RICABAR's federally protected rights; accordingly, Plaintiff is entitled to an award of punitive and exemplary damages in an amount according to proof.

## VIII.

## PRAYER FOR RELIEF

Wherefore Plaintiffs respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant LEO PALACE, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in sexual harassment, retaliation and any other employment practice which discriminates on the basis of sex.

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE (671) 477-9891-4

B. Order Defendant LEO PALACE to institute and carry out policies, practices, and programs which provide equal employment opportunities, and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendant LEO PALACE to make whole RICARDO RICABAR and other similarly situated individuals, by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices.

D. Order Defendant LEO PALACE to make whole RICARDO RICABAR and other similarly situated individuals br providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

E. Order Defendant LEO PALACEs to make whole RICARDO RICABAR and other similarly situated individuals by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained fo above, including emotion pain, suffering, inconvenience, loss of enjoyment of life, and humiliation in amounts to be determined at trial.

F. Order Defendant LEO PALACEs to pay RICARDO RICABAR and other similarly situated individuals punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Award Plaintiffs its costs and attorneys fees in this action.

///

///

///

///

Case 1:11-cv-00033 Document 1 Filed 11/16/11 Page 9 of 14
-9-

H. Grant such further relief as the Court deems necessary and proper in the public interest.

Dated at Hagåtña, Guam on this 16th day of November, 2011.

**TEKER TORRES & TEKER, P.C.**

By _____
PHILLIP TORRES, ESQ.
Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a jury trial.

**TEKER TORRES & TEKER, P.C.**

By _____
PHILLIP TORRES, ESQ.
Attorneys for Plaintiffs

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4

Case 1:11-cv-00033 Document 1 Filed 11/16/11 Page 10 of 10
M:\COMMON\USERS\#PLEADINGS\RICOBAR, RICARDO EEOC\002 COMPLAINT.wpd -10-